IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   5:04cr26/MCR
                  5:14cv74/MCR/EMT

PAUL LAVANE HUNTER

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and motion for leave to proceed in forma pauperis (docs. 112, 113). As no fee is required for filing a § 2255 motion, the latter motion is denied as moot. With respect to Defendant's motion to vacate, the court notes that he has not filed his motion on the court-approved form for use in section 2255 cases in accordance with Local Rule 5.1(J) for the Northern District of Florida. However Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

BACKGROUND and ANALYSIS

Defendant, who was charged in a second superseding indictment with eight counts of drug and/or weapons charges, was convicted after a jury trial as charged (*see* docs. 29, 39). On November 3, 2004, he was sentenced to a term of 424-months imprisonment (docs. 46, 48). He

---

[1] If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by Northen District of Florida Local Rule 5.1(J)(2) before his motion would be considered on the merits.

appealed, challenging the sufficiency of the evidence to sustain his convictions, and the Eleventh Circuit affirmed (doc. 69). Defendant timely filed his first motion pursuant to 28 U.S.C. § 2255 in August of 2006 (doc. 78). The district court denied the motion over Defendant's objection (docs. 91, 94, 95), and the Eleventh Circuit denied Defendant's request for a certificate of appealability in July of 2007 (doc. 111). The instant motion was filed pursuant to the prison mailbox rule[2] on February 24, 2014. Defendant now asserts that he is entitled to relief under the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), which he suggests is retroactively applicable to his case.

This court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed without prejudice.

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 5:04cr26/MCR/EMT; 5:14cv74/MCR/EMT

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

Defendant's motion to proceed in forma pauperis (doc. 113) is **DENIED as moot**.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.	That the motion to vacate, set aside, or correct sentence (doc. 112) be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 14th day of March 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).